## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRESCO CAPITAL, INC.

        Plaintiff,

v.                                                                CIVIL DIVISION

ULUGHBEK USMANALIYEV,                      CASE NO. 2:20-cv-00490-ER
DEMIR TRANS, LLC,
DURHAM INSURANCE GROUP, INC.
And UNITED FINANCIAL CASUALTY
COMPANY

        Defendants.

## SECOND AMENDED COMPLAINT

AND NOW, comes the Plaintiff, Cresco Capital Inc., by and through its counsel, Michael F. Nerone, Esquire and Pion, Nerone, Girman, Winslow & Smith, P.C. and files this Second Amended Complaint, in support of which it avers the following:

1.      Plaintiff, Cresco Capital, Inc. ("Cresco"), is a Minnesota corporation which maintains its principle place of business in Iowa.

2.      Defendant, Ulughbek Usmanaliyev ("Usmanaliyev"), is an adult individual, who, based upon information and belief resides in Warminster, Pennsylvania.

3.      Defendant, Demir Trans LLC ("Demir"), based upon information and belief is a Pennsylvania limited liability company which maintains its principle place of business in Warminster, Pennsylvania.

4.     Defendant, Durham Insurance Group Inc. ("Durham"), based upon information and belief is a Pennsylvania corporation which maintains its principle place of business in Feasterville, Pennsylvania.

5.     Defendant, United Financial Casualty Company ("UFCC"), based upon information and belief is an Ohio corporation with maintains its principle place of business in Mayfield Village, Ohio.

6.     Based upon information and belief, Defendant Usmanaliyev owned and operated Defendant Demir at all pertinent times.

7.     Defendant Demir has been, and is, a federally licensed and authorized motor carrier.

8.     On or around June 22, 2017, Defendant Usmanaliyev entered into a rental agreement with Cresco through which he leased a 2017 Volvo tractor bearing VIN 4V4NC93H0HN982728. A true, correct and complete copy of the Rental Agreement is attached hereto as Exhibit A.

9.     Pursuant to the Rental Agreement, Defendant Usmanaliyev was obligated to maintain insurance coverage on the 2017 Volvo tractor at all times throughout the duration of the rental term.

10.    Defendant Usmanaliyev was also required to name Cresco as a loss payee/lienholder and an additional insured on the insurance coverage pertaining to the 2017 Volvo tractor.

11.    With respect to insurance on the 2017 Volvo tractor, the Rental Agreement required that "[s]uch policies shall be endorsed to provide that the coverage afforded to us [Cresco] shall not be rescinded, impaired or invalidated by any act or neglect by you." The Rental Agreement further provided "[a]ll policies shall be endorsed or contain a clause requiring the insurer to furnish

us [Cresco] with at least 30 days' prior written notice of any material change, cancellation or non-renewal of coverage."

12.     At the time the Rental Agreement was entered into, Defendant Usmanaliyev was leased on with JZ Express, DOT number 2934070.

13.     On or about June 21, 2018, a new insurance policy covering the 2017 Volvo tractor was acquired with Great West Casualty Co.

14.     On or about August 3, 2018, Cresco first received notice of the new insurance coverage with Great West Casualty Co.

15.     On or about August 7, 2018, Cresco received Physical Damage renewal from Johnson Lewis on behalf of Great West Casualty Co.

16.     Unbeknownst to Cresco, on or about August 28, 2018, the Great West Casualty Co. insurance was cancelled.  Great West Casualty claimed that notice was mailed to the insured on August 28, 2018.  Cresco never received notification.

17.     On or about November 27, 2018, the 2017 Volvo tractor was added to Demir Trans Insurance policy.  Again, no notification was sent to Cresco about the change in insurance.

18.     Based upon information and belief, Defendants Usmanaliyev and Demir contracted with Defendant Durham, an insurance broker, to procure the requisite insurance coverage with Defendant UFCC.

19.     Based upon information and belief, at the time Defendants Usmanaliyev and Demir contracted with Defendant Durham to procure the requisite insurance coverage, Defendants Usmanaliyev and Demir affirmatively communicated to Defendant Durham the obligation of Defendants Usmanaliyev and Demir to maintain insurance coverage on the 2017 Volvo tractor at all times throughout the duration of the rental term; to name Cresco as a loss payee/lienholder and

an additional insured on the insurance coverage pertaining to the 2017 Volvo tractor; that such policies be endorsed to afford Cresco with coverage and that they not be rescinded, impaired or invalidated; and that all policies shall be endorsed or contain a clause requiring the insurer to furnish Cresco with at least 30 days' prior written notice of any material change, cancellation or non-renewal of coverage.

20.     Based upon information and belief, Defendants Usmanaliyev and Demir purchased UFCC Policy No. 081892920, which Policy had an effective term from September 20, 2018, to September 20, 2019, and named Cresco as an Additional Insured, Certificate Holder and Loss Payee/Lienholder. The above referenced 2017 Volvo tractor was added to the Policy as a covered auto effective November 27, 2018. The tractor had a stated value of $157,000 when it was added to the Policy.  The Policy was purchased in part for the benefit of Cresco, an identified and intended third party beneficiary.

21.     Cresco also was named as an Additional Insured on the Declarations Sheet of the UFCC Policy.

22.     Plaintiff was an insured on the Policy on March 7, 2019, and at all other times pertinent to the claims in this action.

23.     When issued, the Policy contained coverage.

24.     The UFCC Policy contained a Severability clause which stated: "[e]xcept with respect to the Limit of Liability, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or lawsuit is brought." (Emphasis added.)

25.     The Policy required Defendant UFCC to provide written notice of cancellation to Cresco.

26.     The Policy does not define the term "cancellation."

4

27.     Additionally, a Certificate of Insurance relating to the Policy expressly indicates that the above referenced Policy included Collision coverage, subject to a $1,000 deductible, that Cresco was a Certificate Holder and Additional Insured/Lienholder and that "**additional insureds and lienholders <u>will</u> be notified in the event of a mid-term cancellation**" (bold emphasis in original, underlined emphasis added).

28.     It was known to Defendants Durham and UFCC that the Rental Agreement provided that thirty days advance notice was required to be given to Cresco if any components of the coverage were cancelled or removed before the expiration date of the Policy.

29.     Unbeknownst to Cresco, on or about February 11, 2019, Defendant Durham removed the subject 2017 Volvo tractor from the Policy, effectively cancelling all coverage for the 2017 Volvo tractor.

30.     Defendant Durham wrongfully removed the subject 2017 Volvo tractor from the Policy without permission from Defendants Usmanaliyev and Demir or without verifying that said Defendants were the parties who requested the coverage be removed.

31.     At the time that Defendant Durham wrongfully removed the subject 2017 Volvo tractor from the Policy, Durham knew that there would be no coverage on said tractor and that this would result in a breach of the Rental Agreement by Defendants Usmanaliyev and Demir.  Durham also knew that Cresco, the intended third-party beneficiary, would be left without coverage to protect its interests.

32.     The cancellation of coverage on the 2017 Volvo tractor was a breach of the Rental Agreement between Cresco and Defendants Usmanaliyev and Demir.

33.     The cancellation of coverage on the 2017 Volvo tractor was a breach of the Agreement between Defendants Usmanaliyev and Demir and Defendant Durham to procure and maintain insurance coverage on the tractor.

34.     Further, although Defendants Durham and UFCC had agreed to provide notice of cancellation of coverage for the 2017 Volvo tractor to Cresco if coverage was cancelled before expiration of the Policy term, neither Defendant Durham nor Defendant UFCC ever provided notice to Cresco that coverage had been removed for the subject tractor.

35.     On or about March 7, 2019, the 2017 Volvo tractor was involved in a motor vehicle accident resulting in the vehicle being deemed a total loss (or alternatively incurring repair costs near or exceeding its value).

36.     Cresco made a claim for the damage to the subject tractor following the accident which was denied because coverage had been cancelled for the 2017 Volvo tractor on or about February 6, 2019.

37.     The damage to the tractor resulting from the March 7, 2019 accident would have been covered by the Policy, had the tractor not been removed from the Policy prior to the loss.

38.     In conjunction with its claim, Cresco communicated with Defendants Durham and UFCC. Among other things, both of these Defendants confirmed that they were obligated to notify Cresco in advance of cancellation of the coverage for the subject tractor.

39.     Despite demands to all of the Defendants, Cresco has not yet been paid for the losses associated with the damage to its tractor.

## COUNT I
## <u>Cresco v. Usmanaliyev and Demir</u>

40.     Cresco incorporates herein by reference the averments contained in Paragraphs 1 through 39 above, as if the same were set forth herein at length.

41.     Defendants Usmanaliyev and Demir were contractually obligated to maintain insurance coverage on the subject tractor throughout the duration of the rental term, including collision coverage and/or physical damage coverage which would fully compensate Cresco for any damage to the vehicle in the event of an accident.

42.     Defendants Usmanaliyev and Demir breached their above described contractual obligations by failing to maintain the requisite insurance coverage on the tractor for the duration of the rental term.

43.     As a direct and proximate cause of Defendants Usmanaliyev's and Demir's breach of the Rental Agreement, Cresco has suffered losses and damages of approximately $157,000.

WHEREFORE, Plaintiff, Cresco, respectfully requests that judgment be entered in its favor against Defendants Usmanaliyev and Demir in an amount in excess of the jurisdiction limits of this Court, together with interest and costs.

## COUNT II
## <u>Cresco v. Durham</u>
## <u>Breach of Contract – Intended Third-Party Beneficiary</u>

44.     Cresco incorporates herein by reference the averments contained in Paragraphs 1 through 43 above, as if the same were set forth herein at length.

45.     Defendant Durham contracted with Defendants Usmanaliyev and Demir to procure and maintain insurance coverage on the subject tractor.

46.    At the time Durham contracted with Defendants Usmaniyev and Demir to procure the requisite insurance coverage with Defendant UFCC, Defendants Usmaniyev and Demir affirmatively communicated to Defendant Durham the obligation of Defendants Usmaniyev and Demir to maintain insurance coverage on the 2017 Volvo tractor at all times throughout the duration of the rental term; to name Cresco as a loss payee/lienholder and an additional insured on the insurance coverage pertaining to the 2017 Volvo tractor; that such policies be endorsed to afford Cresco with coverage and that they not be rescinded, impaired or invalidated; and that all policies shall be endorsed or contain a clause requiring the insurer to furnish Cresco with at least 30 days' prior written notice of any material change, cancellation or non-renewal of coverage.

47.    Defendant Durham was aware that the coverage purchased was intended, at least in part, to benefit Cresco and to protect Cresco's interests.

48.    Defendant Durham was not only aware that Cresco was a loss payee/lienholder of the 2017 Volvo tractor, but effectuated the addition of Cresco as an insured under the Policy when the coverage was purchased.

49.    In spite of Durham's knowledge that Cresco was an intended third-party beneficiary of its Agreement to procure and maintain insurance coverage on the subject tractor, Durham wrongfully cancelled coverage without the consent or permission of Defendants Usmaniyev and Demir and/or Cresco.

50.    Cresco was an intended third-party beneficiary to the contract between Defendant Durham and Defendants Usmaniyev and Demir.

51.    As a direct consequence of Durham's above identified breaches of its contract with Defendants Usmaniyev and Demir, Cresco has suffered damages.

WHEREFORE, Plaintiff, Cresco, respectfully requests that judgment be entered in its favor against Defendant Durham, in an amount in excess of the jurisdiction limits of this Court, together with interest and costs.

## COUNT III
### Cresco v. Durham
### Tortious Interference with Contractual Relationship

52.    Cresco incorporates herein by reference the averments contained in Paragraphs 1 through 51 above, as if the same were set forth herein at length.

53.    Cresco was a party to the UFCC Policy of insurance.

54.    Defendant Durham, without consent or permission of Defendants Usmanaliyev, Demir and/or Cresco, wrongfully caused coverage owed to Cresco to be cancelled and terminated.

55.    By wrongfully cancelling coverage, Defendant Durham tortiously interfered with Cresco's rights and benefits under the Policy.

56.    As a direct and proximate result of Defendant Durham's wrongful termination of coverage, Cresco has suffered damages.

57.    Defendant Durham's wrongful cancellation of coverage also tortiously interfered with Cresco's contract with Defendants Usmanaliyev and Demir.

58.    As a direct and proximate result of Defendant Durham's wrongful interference with Cresco's contract with Defendants Usmanaliyev and Demir, Cresco has been damaged.

WHEREFORE, Plaintiff, Cresco, respectfully requests that judgment be entered in its favor against Defendant Durham, in an amount in excess of the jurisdiction limits of this Court, together with interest and costs.

## COUNT IV
### Cresco v. UFCC

59.     Cresco incorporates herein by reference the averments set forth in Paragraphs 1 through 58 above, as if the same were set forth herein at length.

60.     Defendant UFCC represented that it would provide notice to Cresco in the event of a mid-term cancellation of the coverage on the 2017 Volvo tractor.

61.     Defendant UFCC never provided any notice to Cresco of the mid-term cancellation of the coverage on the 2017 Volvo tractor.

62.     After the accident, Defendant UFCC communicated with Cresco during which time it confirmed that it was obligated to notify Cresco in advance of the cancellation of the coverage for the subject tractor.

63.     Defendant UFCC is estopped from asserting cancellation of the coverage as a defense and is obligated to pay Cresco's claim for the damage to the 2017 Volvo tractor.

64.     Defendant UFCC has refused to pay Cresco's claim for the damage to the 2017 Volvo tractor.

65.     As a direct and proximate result of Defendant UFCC's refusal to pay Cresco's claim, Cresco has suffered losses and damages of approximately $157,000.

WHEREFORE, Plaintiff, Cresco, respectfully requests that judgment be entered in its favor against Defendant UFCC, in an amount in excess of the arbitration jurisdiction limits of this Court, together with interest and costs.

## COUNT V
### Cresco v. UFCC

66.     Cresco incorporates by reference the averments set forth in paragraphs 1 through 65 above, as if the same were set forth herein at length.

67.     By accepting Cresco as an Additional Insured, Loss Payee and/or Lienholder on the subject Policy and in accordance with the Severability clause, Cresco became a separate insured under the Policy.

68.     By failing to provide Cresco with timely notice of cancellation of coverage on the 2017 Volvo tractor, Defendant UFCC breached the Policy.

69.     As a direct and proximate result of Defendant UFCC's breach of the Policy, Cresco suffered proximate and consequential damages in the approximate amount of $157,000.

WHEREFORE, Cresco respectfully requests that judgment be entered in its favor against Defendant UFCC in an amount in excess of the jurisdictional limits of this Court together with interest and costs.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.


By:     /s/ Stephanie L. Hersperger
        Michael F. Nerone
        PA ID # 62446
        Stephanie L. Hersperger
        PA ID # 78735
        1500 One Gateway Center
        420 Fort Duquesne Boulevard
        Pittsburgh, PA  15222
        412-281-2288
        412-281-3388 (fax)
        mnerone@pionlaw.com

        Counsel for Plaintiff, Cresco Capital, Inc.

## CERTIFICATE OF SERVICE

I, Stephanie L. Hersperger, Esquire, hereby certify that a true and correct copy of the foregoing Second Amended Complaint of Cresco Capital, Inc., was served via electronic mail on this 27th day of October, 2020 as follows:

Matthew A. Meyers
Daniel J. Twilla
Burns White LLC
Burns White Center
48 26th Street
Pittsburgh, PA 15222
*Counsel for Defendant United Financial Casualty Company*

Matthew R. Major
Wilson Elser Moskowitz
Edelman Dicker
200 Campas Drive
Florham Park, NJ 07932
*Counsel for Defendant Durham Insurance Group*

Ulughbek Usmanaliyev
Demir Transport
1328 Clyde Road
Warminster, PA 18974
(via first class mail)
*Pro Se Defendants*

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

By:    /s/ Stephanie L. Hersperger
       Stephanie L. Hersperger
       PA ID #78735
       shersperger@pionlaw.com
       2404 Park Drive, Suite 404
       Harrisburg, PA  17110
       717-737-5833